UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FISK ELECTRIC COMPANY                        CIVIL ACTION

VERSUS                                       NO. 15-700

WINTER PARK CONTRUCTION CO.                  SECTION "B"(3)

ORDER AND REASONS

I.   NATURE OF THE MOTION AND RELIEF SOUGHT

Before the Court is a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss by Defendant, Winter Park Construction Company ("Winter Park").[1] Plaintiff, Fisk Electric Company ("Fisk"), has filed a response in opposition.[2] The motion, set for submission on June 10, 2015, is before the Court, on the pleadings, without oral argument. Accordingly, and for the reasons enumerated below,

**IT IS ORDERED** that the Motion to Dismiss is **GRANTED**, in part, and **DENIED**, in part.

II.  FACTS AND PROCEDURAL HISTORY

This action filed pursuant to the Court's diversity jurisdiction under 28 U.S.C. § 1332, *et seq.*, arises out of a contract dispute. Plaintiff, Fisk Electric Company ("Fisk") entered into an agreement with Benetech, LLC ("Benetech")

---

[1] Rec. Doc. No. 6.
[2] Rec. Doc. No. 9.

1

wherein Fisk would provide electrical work on a project.[3] Benetech contracted as a primary contractor with the U.S. Army Corps of Engineers ("USACE") on a drainage project.[4] Benetech was subsequently removed as a contractor, and replace by defendant, Winter Park Construction Company ("Winter Park").[5] On or around May 31, 2012, Fisk and Winter Park entered into an agreement for the completion of outstanding work on the project ("Agreement"), which was comprised of a subcontractor agreement and a release and assignment agreement.[6]

Fisk claims that under the terms of the Release and Assignment agreement, it would release claims against the bond company in exchange for Winter Park paying all outstanding invoices for work completed on the project and for damages incurred before May 31, 2012; however, due to a miscalculation on the part of both parties, Winter Park failed to pay $146,276.00 on its outstanding invoice, or for additional damages in the amount of $24,292.79.[7] Further, as a result of project delays, Fisk incurred additional expenses in the amount of $306,203.00. Lastly, Fisk contends that Winter Park received payment from the project owner, USACE, for work completed by

---

[3] Rec. Doc. No. 1 at 2.
[4] Rec. Doc. No. 1 at 2.
[5] Rec. Doc. No. 1 at 2.
[6] Rec. Doc. No. 6-2 at 1, 2.
[7] Rec. Doc. No. 1 at 3.

Fisk, which payment has not been transmitted to Fisk.[8] On March 4, 2015, Fisk filed the instant action, asserting claims for breach of contract and unjust enrichment under Louisiana law, and seeking $476,772.04, plus interest and damages under the Agreement, as well as costs, penalties, and attorneys' fees. Here, Winter Park moves the Court for dismissal of the unjust enrichment claims under Fed. R. Civ. P. 12(b)(6). Winter Park also contends that under Louisiana law, Fisk is not entitled to attorneys' fees and/or penalties.

## III.  LAW AND ANALYSIS

a. *Fed. R. Civ. P. 12(b)(6) Standard for Dismissal*

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted." While a complaint attacked by a Rule 12(b)(6) motion need not contain detailed factual allegations, in order to avoid dismissal, the plaintiff's factual allegations must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*.

---

[8] Rec. Doc. No. 1 at 5.

Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (*citing Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007). In determining whether a plaintiff has pled factual allegations to state a claim that is plausible, the Court may not evaluate the plaintiff's likelihood of success but must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true. *See In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2009); *see also Twombly*, 550 U.S. at 555 (factual allegations, which taken as true, must be enough to raise a right to relief above the speculative level, even if doubtful in fact).

      b. *Whether Fisk States a Claim for Unjust Enrichment under Louisiana Law*

Federal jurisdiction in this case is premised on diversity of citizenship. Therefore, Louisiana substantive law applies, including its principles of contract interpretation. *Bayou Steel Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 642 F.3d 506, 509 (5th Cir. 2011). The parties do not dispute the interpretation of the Agreement and the obligations flowing from it according to Louisiana substantive law.[9]

---

[9] La. Rev. Stat. Ann. § 2780.1(D).   The Subcontract Agreement concerns the  performance of an obligation within Louisiana.

1. Unjust Enrichment

Article 2298 of the Louisiana Civil Code codifies Louisiana's doctrine of unjust enrichment:

> A person who has been enriched without cause at the expense of another person is bound to compensate that person...The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.

La. Civ. Code art. 2298 (emphasis added). To support a claim for unjust enrichment under Louisiana law, a plaintiff must show five elements:

> (1)  There must be enrichment;
>
> (2)  There must be an impoverishment;
>
> (3)  There must be a connection between the enrichment and the resulting impoverishment;
>
> (4)  There must be an absence of "justification" or "cause for the enrichment and impoverishment; and
>
> (5)  There must be no other remedy at law available to the plaintiff.

*JP Mack Industries, LLC v. Mosaic Fertilizer, LLC,* 970 F.Supp.2d 516, 520-1 (E.D. La. Sept. 4, 2013)(citing *Carriere v. Bank of Louisiana*, 702 So.2d 648 (La. 12/13/96)). The complaint alleges:

Winter Park's refusal to pay Fisk the amounts due and owing ($476,772.04) on the project constitutes a breach of contract and renders Winter Park liable for damages, including interest, costs and attorneys' fees for the reasons stated above.

Alternatively, Fisk avers that Winter Park has been enriched without cause...Fisk provided valuable labor, material and equipment necessary for Winter Park to complete its obligations on the Project, and Winter Park benefitted from this labor, materials, and equipment, especially when Fisk performed work that was outside the scope and term contemplated in the contract, and therefore Fisk is entitled to judgment under the doctrine of unjust enrichment. Alternatively, upon information and belief, Winter Park received payment from the project owner USACE, for work completed by Fisk, which payment has not been transmitted to Fisk.[10]

In sum, Fisk seeks the following sums, which amount to $476, 722.04:

1. $146,276.00 Winter Park failed to pay on its outstanding invoice due to a miscalculation on the part of both parties in executing the May 31, 2012, Release and Assignment agreement;

2. $24,292.79 for additional damages Fisk incurred as a result of delays that occurred prior to the May 31, 2012, Subcontract Agreement; and,

3. $306,203.00 in additional expenses Fisk incurred as a result of project delays after the parties entered into the Subcontract Agreement appointing Winter Park to the Project;

---

[10] Rec. Doc. No. 1 at 5.

> 4. Payment Winter Park received from the project owner, USACE, for work completed by Fisk, which has not been transmitted to Fisk.[11]

As Fisk has plead in the alternative, it appears that all four sums form the basis for the asserted unjust enrichment claim. In addition to attacking the individual merits of the unjust enrichment claim, Winter Park contends that "[t]here are other remedies at law available to Fisk,"[12] thus requiring dismissal under Louisiana law.

Fisk's unjust enrichment claim for the $146,276.00 and $24,292.79 amounts cannot succeed because Fisk cannot establish an absence of another remedy at law available to it. La. C.C. art. 2298; *Walters v. MedSouth Record Management, LLC,* 38 So.3d 241, 242 (La. 6/4/10) (per curiam). As Fisk acknowledges, "Fisk released its claim against the bond company on the Project (Western Surety) in exchange for Winter Park paying all outstanding invoices for work completed on the project and for damages incurred due to project delays that occurred before May 31, 2012."[13] Also, "[t]he release (of WPC and the surety) executed by Fisk expressly reserved its rights to pursue claims

---

[11] Rec. Doc. No. 1 at 3.

[12] Rec. Doc. No. 6-2 at 3. Under the terms of the partial Release and Assignment agreement, "[i]n consideration of the sum of $318,008.75…Fisk Electric Company does hereby forever release and discharge Western Surety Company, as Surety, and WPC III, Inc…from any and all claims, demands, cause or causes of action whatsoever that Fisk Electric Company now has or may have for labor, material, or equipment…."

[13] Rec. Doc. No. 1 at 3; *see* Rec. Doc. No. 6-2 at 2 (Release and Assignment agreement).

for additional compensation based on unforeseen conditions arising out of the previous delays on the project. Fisk also reserved its rights to seek compensation for future delays or disruptions."[14] Further, "the sum of $318,008.75 is justly due and owing by Benetech, LLC to Fisk...and Fisk Electric Company has not released or discharged same or any part thereof."[15] Thus, under the terms of the partial release agreement or previous agreements, Fisk may seek to recover on a contract theory, either against Winter Park, the surety, or Benetech.

Specifically with regard to the $146,276.00 amount, Winter Park correctly notes that "[e]ither Fisk released and settled its claim...or WPC (Winter Park) is obligated under that agreement."[16] Fisk contends that "if WPC takes the position that it has no contractual obligation to pay Fisk for this amount, then Fisk has a claim for unjust enrichment."[17] However, "[t]he unjust enrichment remedy is 'only applicable to fill a gap in the law where no express remedy is provided.'" *Id.* The Louisiana Supreme Court has observed that "[t]he mere fact that a plaintiff does not successfully pursue another available remedy does not give the plaintiff the right to recover under the theory of unjust enrichment." *Id.* (citing *Jim Walter Homes v.*

---

[14] Rec. Doc. No. 9 at 2; Rec. Doc No. 6-2 at 2 (Release and Assignment agreement).
[15] Rec. Doc. No. 6-2 at 2 (Release and Assignment agreement).
[16] Rec. Doc. No. 6-1 at 3.
[17] Rec. Doc. No. 9 at 4.

*Jessen,* 732 So.2d 699, 706 (La. App. 3 Cir. 3/31/99) ("[t]o find that [the plaintiff] has no other remedy and to provide it one under unjust enrichment would be tantamount to allowing any plaintiff who let his cause of action prescribe, or any plaintiff who knowingly wrote a bad contract, to recover under an enrichment theory")); *see also Drs. Bethea, Moustoukas and Weaver LLC v. St. Paul Guardian Ins. Co.,* 376 F.3d 399, 408 (5th Cir. 2004) (affirming district court's dismissal of the plaintiff's unjust enrichment claim for failure to state a claim, noting "Louisiana law provides that no unjust enrichment claim shall lie when the claim is based on a relationship that is controlled by an enforceable contract"); *see also Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodaux, Inc.,* 922 F.Supp.2d 567, 580 n. 2 (E.D. La. Feb. 6, 2013) (Feldman, J.) (citing *Walters* and noting that unjust enrichment "shall not be available if the law provides another remedy"); *General Accident Ins. Co. of America v. Aggreko, LLC,* No. 11-1682, 2012 WL 6738217 (W.D. La. Dec. 28, 2012) (holding that the existence of a breach of contract remedy precludes pursuit of unjust enrichment claim and references other cases in federal district courts in Louisiana that interpret *Walters* to bar unjust enrichment claims that accompany alternative claims); *Pinegrove Electrical Supply Co., Inc. v. Cat Key Constr., Inc.,* 88 So.3d 1097 (La. App. 5 Cir. 2/28/12) (holding that the supplier had

9

available to it a remedy against the property owner under the Private Works Act and, thus, the supplier was precluded from asserting an unjust enrichment claim against the property owner). The plaintiff's unjust enrichment claim for $146,267.00 against Winter Park must therefore be dismissed.

Similarly, to the extent Fisk may be seeking $306,203.00 in compensation for "additional job related expenses incurred" *under an unjust enrichment theory*, that claim must be dismissed. According to Fisk, "subsequent to Winter Park's appointment as general contractor...the Project was not timely completed. As a result of the delayed completion...[a]dditional job related expenses incurred, including project supervision, overhead and profit, total $306.203.00."[18] In is undisputed that the parties' relationship was governed by the Subcontractor Agreement when these damages were incurred; therefore, a breach of contract claim may provide a basis for recovery. Fisk contends that "[t]he contract does not address changes in the scope of work or time for completing work...the scope of work changed and the project finished late."[19] However, an unjust enrichment claim cannot lie simply because a contract was poorly written. *Jim Walter Homes,* 732 So.2d at 706.

---

[18] Rec. Doc. No. 1 at 4.
[19] Rec. Doc. No. 9 at 5.

Lastly, Fisk argues that "Winter Park received payment from the project owner, USACE, for work completed by Fisk, which payment has not been transmitted to Fisk."[20] Fisk does not address the issue of whether another remedy is unavailable at law. "The unjust enrichment remedy is 'only applicable to fill a gap in the law where no express remedy is provided.'" La. Civ. Code art. 2298. *Walters,* 38 So.3d at 242. State law, and precedent, strongly instruct dismissal. *See Westbrook v. Pike Elec., LLC,* 799 F.Supp.2d 665, 672 (E.D. La. June 30, 2011) ("Thus, considering plaintiff has alleged causes of action based on breach of contract, breach of implied duty of good faith and fair dealing...a claim for unjust enrichment cannot lie and must be dismissed."). It is undisputed that the parties entered into a contractual agreement, which covers each party's rights and obligations in completing the Project. As discussed below, Fisk may assert a claim for violation of the Louisiana Prompt Pay Act, La. Rev. Stat. 9:2784. Thus, Fisk has an adequate remedy available at law because it has, *at a minimum*, a contract claim against Winter Park. Regardless of whether Fisk is ultimately successful on its available claims, Louisiana law bars Fisk's unjust enrichment claims against Winter Park because Fisk has other remedies available.

---

[20] Rec. Doc. No. 1 at 5, Rec. Doc. No. 9 at 5.

2. Attorneys' Fees & Penalties

Louisiana law, which governs this diversity case, provides that "attorneys' fees may not be awarded as damages in breach of contract actions unless the contract or a specific statute authorizes such an award." *Austin v. Parker,* 672 F.2d 508, 518 (5th Cir. Unit A 1982). Further, under Louisiana law, the term "damages," unmodified by penal terminology such as "punitive" or "exemplary," has been historically interpreted as authorizing only compensation for loss, not punishment. *Vincent v. Morgan's La. T.R. & S. Co.,* 140 La. 1027, 1051, 74 So. 541, 549 (1917); 2 Planiol, *Treatise on the Civil Law* § 221 (La. State Law Inst. Translation 1959). Accordingly, punitive or other "penalty" damages are not allowable unless expressly authorized by statute. *Ricard v. State,* 390 So.2d 882 (La. 1980); *Killebrew v. Abbott Laboratories,* 359 So.2d 1275 (La. 1978); *Alexander v. Burroughs Corp.,* 359 So.2d 607 (La. 1978); *Romero v. Clarendon America Ins. Co*., 54 So.3d 789, 791 (La. App. 3 Cir. 12/29/10).

Fisk alleges that "Winter Park's refusal to pay Fisk the amounts due...constitutes a breach of contract and renders Winter Park liable for...attorneys' fees for the reasons stated above."[21] On the unjust enrichment claim, Fisk specifically seeks

---

[21] Rec. Doc. No. 1 at 5.

penalties, in addition to fees.[22] Fisk contends that Winter Park's failure to promptly (1) pay for labor and materials on the project and (2) transmit funds received from USACE, constitutes a violation of Louisiana's Prompt Pay Act, La. Rev. Stat. 9:2784. Although Fisk has not pleaded the foregoing in its complaint, Fisk requests an opportunity to do so in an amended complaint.

The Louisiana Prompt Pay Act provides, in relevant part:

A. When a *contractor* receives any payment from the *owner* ..., the *contractor* shall promptly pay such monies received to each *subcontractor* and *supplier* in proportion to the percentage of work completed.... Further, whenever a *subcontractor* receives payment from the *contractor,* the *subcontractor* shall promptly pay such monies received to each *sub-subcontractor* and *supplier* in proportion to the work completed.

C. If the *contractor* or *subcontractor* without reasonable cause fails to make any payment to *his subcontractors* and *suppliers* within fourteen consecutive days of the receipt of payment ..., the *contractor* or *subcontractor* shall pay ... in addition to the payment, a penalty... In addition, the contractor or subcontractor shall be liable for reasonable attorney fees for the collection of the payments due the subcontractors and suppliers.

La. Rev. Stat. 9:2784. Attorney fees and penalties are expressly authorized by statute. The Court has dismissed the unjust enrichment claims, thus, to the extent Fisk continues to seek a penalty, in addition to attorney fees, Fisk is granted leave to properly amend the complaint under Fed. R. Civ. P. 15(a)(2), **within 14 days of this Court's order.**

---

[22] Rec. Doc. No. 1 at 6.

IV.   **CONCLUSION**

**IT IS ORDERED** that the Motion to Dismiss is **GRANTED**, in part, and **DENIED**, in part. Accordingly, Plaintiff's claim for unjust enrichment seeking recovery for:

(1) $146,276.00 which Winter Park purportedly failed to pay on its outstanding invoice due to a miscalculation on the part of both parties in executing the Release and Assignment agreement;

(2) $24,292.79 for additional damages Fisk allegedly incurred as a result of delays that occurred prior to Subcontract Agreement;

(3) $306,203.00 in additional expenses Fisk claims to have incurred as a result of project delays after the parties entered into the Subcontract Agreement; and,

(4) Payment Winter Park received from the project owner, USACE, for work completed by Fisk, which has not been transmitted to Fisk, is **DISMISSED** as Fisk has failed to establish the requisite absence of an available remedy at law.

The Court having dismissed the unjust enrichment claims, grants Plaintiff leave to properly amend the complaint under Fed. R. Civ. P. 15(a)(2) in order to assert any claim(s)

relative to the Louisiana Prompt Pay Act, within 14 days of this Court's order.

New Orleans, Louisiana, this 11th day of June, 2015.


UNITED STATES DISTRICT JUDGE